# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEBORAH D. PETERSON,** ) <br> **Personal Representative of the** ) <br> **Estate of James C. Knipple (Dec.),** *et al.,* ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> ) <br> **ISLAMIC REPUBLIC OF IRAN,** *et al.,* ) <br> ) <br> **Defendants.** ) <br> ) | **Consolidated Civil Actions:** <br> **01-2094 (RCL)** <br> **01-2684 (RCL)** |

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on plaintiffs' Motion [39][1] to Amend or Correct its

First Amended Complaint.  In amending their complaint, plaintiffs seek to add as beneficiaries

those relatives of the deceased servicemen killed in the October 23, 1983 attack whose estates

were already named in the First Amended Complaint.  The Second Amended Complaint is

otherwise identical in form and substance to the First Amended Complaint.

Rule 15 provides that leave to amend a pleading "shall be freely given where justice so

requires."  Fed. R. Civ. P. 15(a).  Rule 15(c)(3) governs amendments to a pleading where

defendants are added.  Under Rule 15(c)(3), an amended pleading where a defendant is added is

deemed to relate back to the filing date of the original pleading, provided the requirements of

---

[1] The motion is listed as document number [39] on the docket of Civil Action No. 01-2684, *Boulos v. Islamic Republic of Iran*.  As this case is consolidated with Civil Action No. 01-2094, *Peterson v. Islamic Republic of Iran*, resolution of the plaintiffs' motion shall apply with equal force to both actions.

Rule 15(c)(3) are met.  As the Advisory Committee Notes to the 1966 Amendments of Rule 15

point out, however, "[t]he relation back of amendments changing *plaintiffs* is not expressly

treated in revised Rule 15(c) since the problem is generally easier." Fed. R. Civ. P. 15 advisory

committee notes, 1966 amendment.  In situations where a pleading is amended to add plaintiffs,

"the chief consideration of policy is that of the statute of limitations, and the attitude taken in

revised Rule 15(c) toward change of defendants extends by analogy to amendments changing

plaintiffs." *Id.*  Therefore, an amendment adding a party plaintiff will relate back under Rule

15(c) to the date of the original complaint, provided that the amended complaint states a claim

which arises from the same conduct, transaction or occurrence set forth in the original pleading.

*See Page v. Pension Ben. Guar. Corp.*, 130 F.R.D. 510, 511 (D.D.C. 1990).  The defendant must

also have had "adequate notice of the new plaintiffs, and that the original suit in effect asserted

their claims as well." *Id.*

     Upon inspection of the Second Amended Complaint, the Court finds that the plaintiffs

have satisfied both requirements under Rule 15 to justify relation back.  First, the amended

complaint states a claim arising from the same conduct, transaction or occurrence set forth in the

original pleading.  Both versions of the complaint assert causes of action arising out of

defendants' alleged involvement in organizing and facilitating the 1983 bombing of the U.S.

Marine barracks in Beirut, Lebanon.  The Second Amended Complaint does not allege any

additional claims that are unrelated to the aforementioned attack.

     Second, the notice requirement is satisfied.  As stated previously, the Second Amended

Complaint does not seek to add claims by additional servicemen beyond those who were killed or

injured in the attack.  Rather, the Second Amended Complaint only adds claims by those family

members and potential beneficiaries of the deceased or injured servicemen who estates were already listed in the First Amended Complaint, but who had not yet been located or indicated an interest in joining the suit at the time the First Amended Complaint was filed.  The defendants have already been served with the First Amended Complaint on July 17, 2002.  Therefore, they were already on notice as to claims against them arising from the estates of the servicemen killed or injured in the attack.  In light of the fact that only new beneficiaries of those previously-pleaded estates were added to the new complaint, defendants clearly had notice that the original complaint pleaded the claims from these additional beneficiaries as well.

In light of these facts, the Court finds that justice requires that the plaintiffs be allowed to amend their First Amended Complaint.  Therefore, plaintiffs' Motion [39] to Amend its First Amended Complaint is GRANTED.  The Second Amended Complaint shall be deemed filed this date, and further it shall be deemed to relate back to the date the original complaint was filed, pursuant to Rule 15 of the Federal Rules of Civil Procedure.


SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, March 28, 2007.