# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JOSEPH AND MARIE BOULOS
Personal Representative
for the Estate of
Jeffrey Joseph Boulos
#5 Santa Maria Lane
St. Augustine Beach, FL 32080

consolidated civil actions
01CV02094 (RCL)
01CV02684 (RCL)

MYRA BURLEY
Personal Representative
For the Estate of
William Burley
165 Capricorn Drive- 16
Hillsborough, NJ 08844

DEBORAH INNOCENZI
Personal Representative
For the Estate of
Paul Innocenzi III
18 Mark Twain Dr.
Hamilton, NJ 08690

SHIRLEY DOUGLASS MILLER
Personal Representative
For the Estate of
Frederick Douglass
1120 Route 28A Box 482
Cataumet, MA 02534

JOHN R. PRICE, JR.
Personal Representative
For the Estate of
James Price
316 Wood Avenue
Attalla, AL 35954

Plaintiffs

V.

THE ISLAMIC REPUBLIC OF IRAN
Ministry of Foreign Affairs
Khomeini Avenue
United Nations Street
Tehran, Iran
        And
THE IRANIAN MINISTRY
OF INFORMATION AND SECURITY
Pasdaran Avenue
Golestan Yekom
Tehran, Iran

Defendants.

# **AMENDED COMPLAINT**

(1) This action is brought by the Plaintiffs, Joseph and Marie Boulos, et al., by

counsel, in the individual capacity of each plaintiff and, as appropriate, in the capacity of

each as personal representative of the estate more particularly described in the caption of

this action for their own benefit, the benefit of each particular estate, and for the benefit

and on behalf of all those legally entitled to assert a claim under the District of Columbia

Wrongful Death Act, the District of Columbia Survival Act and the Foreign Sovereign Immunities Act. (28 United States Code Section 1602 et seq.). This Court exercises subject matter jurisdiction in accordance with the provisions of 28 United States Code Sections 1330(a), 1331, 1332(a)(2), and 1605. The Court exercises in personam jurisdiction over the parties designated as Defendants in accordance with the provisions of 28 United States Code Section 1605 (a)(7). Venue in this Court is proper in accordance with the provisions of 28 United States Code Section 1391(f)(4), which provides in pertinent part that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

(2) The Plaintiffs in this action consist entirely of members of the United States Marine Corps, United States Navy and United States Army, the estates of such persons, and the heirs at  law and legatees of such persons, who suffered injuries or died as a result of injuries inflicted in the terrorist attack upon the headquarters building of the 24th Marine Amphibious Unit in Beirut, Lebanon on October 23, 1983. Members of the United States Marine Corps were assigned to the 24th Amphibious Unit. Members of the United States Navy and United States Army were present at the site of the occurrence in support of the 24th Amphibious Unit, either on a regular assigned basis or temporarily on the date of the occurrence below set forth. The term "estate" as hereinafter used refers not only to the estate of any member of the Armed Forces of the United States above referred to, but also to all persons who are beneficiaries entitled to compensation and/or punitive damages in accordance with any statute of the United States, the District of Columbia, or their state of residence or domicile at the time of death, including 28 United States Code

Section 1602 through 1611, District of Columbia Code, Title 16, Section 16-2701 or District of Columbia Code, Title 12, Section 12-301.

(3) The Defendant, The Islamic Republic of Iran, is a foreign state which was at the time of the acts hereinafter complained of and is to the present designated as a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 United States Code Appendix, Section 2405(j)).

(4) The Defendant, The Iranian Ministry of Information and Security, is an agency of the Defendant, The Islamic Republic of Iran, whose activities included, at all times relevant to this action, the prosecution of terrorist acts directed against the armed forces of the United States and United States citizens, by and through material support to various terrorist organizations including the Lebanese terrorist organization known as "Hezbollah".

(5) Hezbollah[1] is an organization of Lebanese Muslims who are adherents of the Shia or Shiite faction of Islam. It represents itself as "an Islamic freedom fighting movement" which views any part of the Near East under the control of the State of Israel as "occupied land". It advocates the expulsion of the United States from the Near East and is committed to violent action to that end and to the termination of the existence of the State of Israel. At all times relevant to this action, Hezbollah was being given extensive support by the Defendants which permitted it to carry out a wide ranging program of terrorism against the United States and the State of Israel and a social welfare program designed to garner political support amongst the Shiite population of Lebanon. In 1983, at the time of the acts which give rise to this action, Hezbollah was under the

complete operational control of the Defendants, through Iranian Revolutionary Guards units within Lebanon. The Shia or Shiite Community in Lebanon had been economically depressed for an extended period of time prior to the date of the occurrence and was further disadvantaged by a level of education far below that of other major groups within Lebanon. The provision of extensive economic support by the Defendants to Hezbollah was necessary for that organization to carry out a terrorist attack of the scope and technological sophistication of the attack of October 23, 1983.

(6) The mission statement of the 24th Amphibious Unit on October 23, 1983 was "to provide a presence in Beirut, that would in turn help establish the stability necessary for the Lebanese government to regain control of their capital."[2] The Unit operated under normal, peacetime rules of engagement. Their geographic position was in a reinforced concrete building at the Beirut Airport. Although there was sporadic small arms and mortar fire directed at the airport, the Unit only replied through counter-fire when receiving such attacks. There was no mission designated by the United States Government, the Lebanese Government or anyone else under which the Unit was a participant in the ongoing civil war. The building being used by the Unit gave excellent protection from small arms, mortar and artillery rounds which struck it from time to time in the months preceding October 23, 1983.

(7) Acting on instructions from the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Iranian agents of the Defendants in operational control of Hezbollah, with high level technical participation which would not

---

[1] **The spelling of this word differs slightly in various publications. It is believed that this spelling is the most common. The organization also refers to itself in some publications as the "Party of God".**
[2] **Statement of General Paul X. Kelly, Commandant, United States Marine Corps.**

have been available to Hezbollah in the absence of Iranian control and participation, carried out the construction of a gas enhanced explosive device with an explosive force equal to 5,000 pounds of explosives. This was in turn mounted in a large Mercedes truck of a type commonly seen on construction projects which had been determined by Iranian terrorist experts to have sufficient weight to crash through an outer barbed wire emplacement, yet would fit between two sandbagged sentry posts, then penetrate through an iron fence gate, climb over a sewer pipe obstruction and though a sandbag inner barrier obstruction into a passenger entry hallway into the center lobby of the building to a position at which Iranian explosive experts had calculated an explosion of the magnitude to be produced by the device would collapse the structure. At approximately 6:22 a.m., Beirut time, on October 23, 1983 the attack was carried out exactly in the complex manner planned by the Iranian agents, producing the results which their calculations had lead them to expect. The collapse of the four story, reinforced concrete structure resulted in the deaths of approximately 241 members of the Armed Forces of the United States and injury to numerous others.

(8) The actions of the agents of the Defendants as above set forth constituted acts torture, extrajudicial killing and the provision of material resources for these acts as defined in Section 2339A, Title 18, United States Code.

(9) The formation of Hezbullah and its emergence as a major terrorist organization was the product of direct intervention by Iranian operatives, including the Iranian Revolutionary Guards, the Defendant, the Ministry of Information and Security and Ali Akbar Mohtashemi, acting as Interior Minister of the Defendant, The Islamic Republic of Iran, and the Iranian Ambassador to Syria. The above referred to activities of

Hezbollah were financed, technologically supported and commanded by Iranian military/intelligence operatives.

COUNT I
ESTATE OF JEFFREY JOSEPH BOULOS
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(10) Plaintiffs, Joseph and Marie Boulos, repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

(11) On October 23, 1983, when the explosive device described above was detonated, Jeffrey Joseph Boulos, a member of the United States Marine Corps, suffered fatal injuries. The death of Jeffrey Joseph Boulos was caused by a willful and deliberate act of extrajudicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Jeffrey Joseph Boulos. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(12) The beneficiaries of Jeffrey Joseph Boulos who survived him, namely, Joseph Boulos, Marie Boulos, and Lydia Boulos, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Jeffrey Joseph Boulos, and funeral and burial expenses.

WHEREFORE, Plaintiffs, Joseph and Marie Boulos, demand judgment on behalf of the Estate of Jeffrey Joseph Boulos, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<u>COUNT II</u>
<u>ESTATE OF JEFFREY JOSEPH BOULOS</u>
<u>SURVIVAL CLAIM</u>
<u>Title 12 District of Columbia Code Section 16-2701</u>

(13) Plaintiffs, Joseph and Marie Boulos, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(14) Before death, Jeffrey Joseph Boulos, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiffs, Joseph and Marie Boulos, demand judgment on behalf of the Estate of Jeffrey Joseph Boulos, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

<u>COUNT III</u>
<u>SOLATIUM CLAIM</u>
<u>Public Law 104-208, Div. A, Title I, Section 101 ( C )</u>

(15) Plaintiffs, Joseph and Marie Boulos, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(16) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries

of Decedent, Jeffrey Joseph Boulos, to wit, Joseph Boulos, Marie Boulos, and Lydia Boulos, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiffs, Joseph and Marie Boulos, demand judgment on behalf of Joseph Boulos, Marie Boulos, and Lydia Boulos, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

COUNT IV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(17) The Plaintiffs, Joseph and Marie Boulos, Personal Representatives of the Estate of Jeffrey Joseph Boulos, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(18) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendents. In accordance with provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs, Joseph and Marie Boulos, Personal Representatives of the Estate of Jeffrey James Boulos , prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00), besides costs.

COUNT V
ESTATE OF WILLIAM BURLEY
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(19) Plaintiffs, Myra Burley, repeat and re-allege each and every allegation set forth above with equal effect as if alleged herein.

(20) On October 23, 1983, when the explosive device described above was detonated, William Burley, a member of the United States Marine Corps, suffered fatal injuries. The death of William Burley was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of William Burley. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(21) The beneficiaries of William Burley who survived him, namely, Myra Burley, Douglas Burley, and Myra Burley personal representative of the estate of Claude Burley, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally

liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of William Burley, and funeral and burial expenses.

WHEREFORE, Plaintiff, Myra Burley, demands judgment on behalf of the Estate of William Burley, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.


COUNT VI
ESTATE OF WILLIAM BURLEY
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(22) Plaintiff, Myra Burley, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(23) Before death, William Burley, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Myra Burley, demands judgment on behalf of the Estate of William Burley, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT VII
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(24) Plaintiff, Myra Burley, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(25) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, William Burley, to wit, Myra Burley, Douglas Burley, and Myra Burley personal representative of the estate of Claude Burley, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Myra Burley, demands judgment on behalf of Myra Burley, Estate of William Burley (a/k/a William Douglas Burley), and Myra Burley personal representative of the estate of Claude Burley, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

COUNT VIII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(26) The Plaintiff, Myra Burley, Personal Representative of the Estate of William Burley, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(27) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In

accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Myra Burley, Personal Representative of the Estate of William Burley, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

COUNT IX
ESTATE OF PAUL INNOCENZI III
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(28) Plaintiff, Deborah Innocenzi, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(29) On October 23, 1983, when the explosive device described above was detonated, Paul Innocenzi III, a member of the United States Marine Corps, suffered fatal injuries. The death of Paul Innocenzi III was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Paul Innocenzi III. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(30) The beneficiaries of Paul Innocenzi III who survived him, namely, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Paul Innocenzi III, and funeral and burial expenses.

WHEREFORE, Plaintiff, Deborah Innocenzi, demands judgment on behalf of the Estate of Paul Innocenzi III, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.


COUNT X
ESTATE OF PAUL INNOCENZI III
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701


(31) Plaintiff, Deborah Innocenzi, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(32) Before death, Paul Innocenzi III, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Deborah Innocenzi, demands judgment on behalf of the Estate of Paul Innocenzi III, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT XI
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(33) Plaintiff, Deborah Innocenzi, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(34) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, Paul Innocenzi III, to wit, Deborah Innocenzi, Paul Innocenzi IV, Mark Innocenzi and Kristin Innocenzi, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Deborah Innocenzi, demands judgment on behalf of Deborah Innocenzi, Paul Innocenzi IV, Mark Innocenzi and Kristin Innocenzi, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

COUNT XII
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(35) Plaintiff, Deborah Innocenzi, Personal Representative of the Estate of Paul Innocenzi III, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(36) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not

engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Deborah Innocenzi, Personal Representative of the Estate of Paul Innocenzi III, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.


COUNT XIII
ESTATE OF FREDERICK DOUGLASS
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(37) Plaintiff, Shirley Douglass Miller, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(38) On October 23, 1983, when the explosive device described above was detonated, Frederick Douglass, a member of the United States Marine Corps, suffered fatal injuries. The death of Frederick Douglass was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of Frederick Douglass. Those agents were at all times acting with

the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(39) The beneficiaries of Frederick Douglass who survived him, namely, Shirley Douglass Miller, as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of Frederick Douglass, and funeral and burial expenses.

WHEREFORE, Plaintiff, Shirley Douglass Miller, demands judgment on behalf of the Estate of Frederick Douglass, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.


COUNT IX
ESTATE OF FREDERICK DOUGLASS
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701


(40) Plaintiff, Shirley Douglass Miller, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(41) Before death, Frederick Douglass, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, Shirley Douglass Miller, demands judgment on behalf of the Estate of Frederick Douglass, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT XX
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(42) Plaintiff, Shirley Douglass Miller, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(43) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiary of Decedent, Frederick Douglass, to wit, Shirley Douglass Miller, has suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Shirley Douglass Miller, demands judgment on behalf of herself, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

COUNT XXI
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(44) Plaintiff, Shirley Douglass Miller, Personal Representative of the Estate of Frederick Douglass, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

18

(45) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 ( C ) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, Shirley Douglass Miller, Personal Representative of the Estate of Frederick Douglass, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

COUNT XXII
ESTATE OF JAMES PRICE
CLAIM FOR WRONGFUL DEATH
Title 16 District of Columbia Code Section 16-2701

(46) Plaintiff, John R. Price Jr., repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

(47) On October 23, 1983, when the explosive device described above was detonated, James Price, a member of the United States Marine Corp., suffered fatal

injuries. The death of James Price was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of James Price. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

(48) The beneficiaries of James Price who survived him, namely, John R. Price, Jr., individually and as personal representative of the estate of Betty Lou Price (deceased), Joe Price, and Jim Price as a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable suffered pecuniary loss, including assistance to the beneficiaries, the loss of future earnings and accretions to the Estate of James Price, and funeral and burial expenses.

WHEREFORE, Plaintiff, John R. Price, Jr., demands judgment on behalf of the Estate of James Price, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT XXIII
ESTATE OF JAMES PRICE
SURVIVAL CLAIM
Title 12 District of Columbia Code Section 16-2701

(49) Plaintiff, John R. Price, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(50) Before death, James Price, suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the

Defendants, and the Decedent thereby suffered damages in the amount of ten million dollars.

WHEREFORE, Plaintiff, John R. Price, Jr., demands judgment on behalf of the Estate of James Price, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT XXIV
SOLATIUM CLAIM
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(51) Plaintiff John R. Price, Jr., repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(52) As a direct consequence of the actions of the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the beneficiaries of Decedent, John R. Price, Jr., Betty Lou Price (deceased), Joe Price, and Jim Price, have suffered extraordinary grief and mental anguish, and each has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, John R. Price, Jr., demands judgment on behalf of himself, individually and as personal representative of the estate of Betty Lou Price, Joe Price, and Jim Price, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, for each in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

COUNT XXV
PUNITIVE DAMAGES
Public Law 104-208, Div. A, Title I, Section 101 ( C )

(53) Plaintiff, John R. Price, Jr., Personal Representative of the Estate of James Price, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(54) The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A, Title I, Section 101 (C) the estate of each decedent and each surviving plaintiff are thereby entitled to punitive damages.

WHEREFORE, the Plaintiff, John R. Price, Jr., Personal Representative of the Estate of James Price, prays that judgment be entered, jointly and severally, against The Islamic Republic of Iran and The Iranian Ministry of Information and Security, on behalf of each decedent and each surviving plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00),

besides costs.

Date:_____                                          Respectfully submitted,

_____
**THOMAS FORTUNE FAY**
**Unified Bar No. 23929**
**601 Pennsylvania Avenue, NW**
**#900 - South Building**
**Washington, D.C.  20004**
**(202) 638-4534**

_____
**STEVEN R. PERLES**
**Unified Bar No. 326975**
**1615 New Hampshire Avenue, NW**
**Washington, DC 20009**
**(202) 745-1300**
**Attorneys for Plaintiff**